# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM NAYEL,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LAS COLINAS DETENTION FACILITY, THE COUNTY OF SAN DIEGO, THE SAN DIEGO SHERIFF'S DEPARTMENT, and VISTA DETENTION FACILITY,<br><br>　　　　　Defendant. | Case No.: 25-CV-01874-BEN-KSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

　　　Defendants moved to dismiss Plaintiff's pro se Complaint on July 30, 2025. Plaintiff's opposition was due on August 25, 2025. Plaintiff has not filed an opposition. The Court deems the lack of opposition to be consent to the motion. *See* Local Rule 7.1(f)(2)(b) ("Waiver. A movant's failure to file any papers required under the local rules may be deemed as a waiver of the motion, or other request for ruling by the Court."). "Failure to follow a district court's local rules is a proper ground for dismissal. Before dismissing the action, the district court is required to weigh several factors." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

　　　This Court in considering the dismissal of this action by the County of San Diego weighs the following factors: (1) the public's interest in expeditious resolution of

litigation (here, the interest is strong and satisfied by early dismissal); (2) the court's need to manage its docket (here, the interest is strong and satisfied by discouraging non-compliance with local rules); (3) the risk of prejudice to defendants (here, the interest is weak); (4) the public policy favoring disposition of cases on their merits (here, the interest is weak—Plaintiff's claim against the County of San Diego defendants is based on the Fifth, Sixth, and Eight Amendments but those amendments independently do not provide for a cause of action when an agency violates them. *See Monell v. Dep't of Soc. Servs. of City of N.Y.,* 436 U.S. 658, 691-92 (1978) (Plaintiffs must bring a 42 U.S.C. § 1983 and prove that the constitutional violations were caused by a municipal policy or practice.)); and (5) the availability of less drastic sanctions (here, the interest is weak as dismissal is not imposed as a sanction).

Considering these factors, the Defendants' motion to dismiss is granted, without prejudice. *Wave Plastic Surgery Ctr., Inc. v. Beauty Art Ctr.*, LLC, No. CV205125 DSFMAAX, 2022 WL 2288315, at *1 (C.D. Cal. Mar. 1, 202) (dismissing where party failed to file opposition brief) (citing *V.V.V. & Sons Edible Oils Limited v. Meenakshi Overseas, LLC,* 946 F.3d 542, 547 (9th Cir. 2019) (non-opposition to motion to dismiss waived any challenge to dismissal of the claims); *Jenkins v. Cty. Of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (claims can be abandoned if their dismissal is unopposed); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995)). Accordingly, the Motion to Dismiss is therefore **GRANTED WITH LEAVE TO AMEND** within **thirty (30) days** of this Order.

**IT IS SO ORDERED.**

DATED:   September _5_, 2025

_____
HON. ROGER T. BENITEZ
United States District Judge